

# COMMONWEALTH of VIRGINIA

POST OFFICE BOX 2452      *Secretary of the Commonwealth*      RICHMOND, VIRGINIA 23218-2452

## NOTICE OF SERVICE OF PROCESS

1/26/2022

Leonard's Express, Inc.
6070 Collett Road
Farmington, NY 14425
United States

Yvette Norman

vs.

Leonard's Express, Inc.

**Summons and Complaint**

Dear Sir/Madam:

You are being served with the enclosed notice under section 8.01-329 of the Code of Virginia which designates the Secretary of the Commonwealth as statutory agent for Service of Process.

If you have any questions about the matter, PLEASE contact <u>the CLERK of the enclosed/below mentioned court</u> or any attorney of your choice. <u>Our office does not accept payments on behalf of debts.</u> The Secretary of the Commonwealth's ONLY responsibility is to mail the enclosed papers to you.

COURT:

Roanoke City Circuit Court
315 Church Avenue SW, Room 357
PO Box 2610
Roanoke, VA 24016

Service of Process Clerk
Secretary of the Commonwealth's Office

**EXHIBIT**

1

# AFFIDAVIT FOR SERVICE OF PROCESS ON THE SECRETARY OF THE COMMONWEALTH

Case No. CL21002736-00

Commonwealth of Virginia     VA. CODE §§ 8.01-301, -310, -329; 55-218.1; 57-51

............................Roanoke City Circuit Court............................ Circuit Court

| Yvette Norman | v. | Leonard's Express, Inc. |
|---|---|---|
| 2428 Sonoma Valley Drive | | 6070 ~~6060~~ Collett Road |
| Charlotte NC, 28214-7711 | | Farmington NY, 14425 |

TO THE PERSON PREPARING THIS AFFIDAVIT: You must comply with the appropriate requirements listed on the back of this form.

Attachments:  ☒ Summons and Complaint     ☐ Notice

I, the undersigned Affiant, state under oath that
☒ the above-named defendant  ☐ ...........
whose last known address is  ☒ same as above  ☐ ...........

1. ☒ is a non-resident of the Commonwealth of Virginia or a foreign corporation and Virginia Code § 8.01-328.1(A) applies (see NON-RESIDENCE GROUNDS REQUIREMENT on page 2).
2. ☐ is a person whom the party seeking service, after exercising due diligence, has been unable to locate (see DUE DILIGENCE REQUIREMENT ON BACK)

_____ is the hearing date and time on the attached process or notice (if applicable).

DATE: 12/27/2021     [signature]
☐ PARTY  ☒ PARTY'S ATTORNEY  ☐ PARTY'S AGENT  ☐ PARTY'S REGULAR AND BONA FIDE EMPLOYEE

State of Virginia     ☐ City  ☒ County of Henrico

Acknowledged, subscribed and sworn to before me this day by Kevin W. Mottley
PRINT NAME OF SIGNATORY

[signature: Juliet Kathryn Markowitz]

DATE     ☐ CLERK  ☐ MAGISTRATE  ☒ NOTARY PUBLIC

Notary Registration No. 7921488      My commission expires 08-31-2025

[Notary seal: KATHRYN MARKOWITZ, REGISTRATION #7921488, COMMONWEALTH OF VIRGINIA, MY COMMISSION EXPIRES]

☒ Verification by the clerk of court of the date of filing of the certificate of compliance is requested. A self-addressed stamped envelope was provided to the clerk at the time of filing this Affidavit.

NOTICE TO THE RECIPIENT from the Office of the Secretary of the Commonwealth of Virginia:
You are being served with this notice and attached pleadings under Section 8.01-329 of the Code of Virginia which designates the Secretary of the Commonwealth as statutory agent for Service of Process. The Secretary of the Commonwealth's ONLY responsibility is to mail, by certified mail, return receipt requested, the enclosed papers to you. If you have any questions concerning these documents, you may wish to seek advice from a lawyer.

SERVICE OF PROCESS IS EFFECTIVE ON THE DATE WHEN SERVICE IS MADE ON THE SECRETARY OF THE COMMONWEALTH.

## CERTIFICATE OF COMPLIANCE

I, the undersigned, Clerk in the Office of the Secretary of the Commonwealth, hereby certify the following:

1. On JAN 24 2022, legal service in the above-styled case was made upon the Secretary of the Commonwealth, as statutory agent for persons to be served in accordance with Section 8.01-329 of the Code of Virginia, as amended.

2. On JAN 31 2022, papers described in the Affidavit and a copy of this Affadavit were forwarded by certified mail, return receipt requested, to the party designated to be served with process in the Affidavit.

[signature]
SERVICE OF PROCESS CLERK, DESIGNATED
BY THE AUTHORITY OF THE SECRETARY OF THE COMMONWEALTH

FORM CC-1418 (MASTER, PAGE ONE OF TWO) 07/13

## NON-RESIDENCE GROUNDS REQUIREMENT:

If box number 1 is checked, insert the appropriate subsection number:

A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action arising from the person's:

1. Transacting any business in this Commonwealth;

2. Contracting to supply services or things in this Commonwealth;

3. Causing tortious injury by an act or omission in this Commonwealth;

4. Causing tortious injury in this Commonwealth by an act or omission outside this Commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this Commonwealth;

5. Causing injury in this Commonwealth to any person by breach of warranty expressly or impliedly made in the sale of goods outside this Commonwealth when he might reasonably have expected such person to use, consume, or be affected by the goods in this Commonwealth, provided that he also regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this Commonwealth;

6. Having an interest in, using, or possessing real property in this Commonwealth;

7. Contracting to insure any person, property, or risk located within this Commonwealth at the time of contracting;

8(ii). Having been ordered to pay spousal support or child support pursuant to an order entered by any court of competent jurisdiction in this Commonwealth having *in personam* jurisdiction over such person; or

9. Having incurred a liability for taxes, fines, penalties, interest, or other charges to any political subdivision of the Commonwealth.

## DUE DILIGENCE REQUIREMENT:

If box number 2 is checked, the following provision applies:

When the person to be served is a resident, the signature of an attorney, party or agent of the person seeking service on such affidavit shall constitute a certificate by him that process has been delivered to the sheriff or to a disinterested person as permitted by § 8.01-293 for execution and, if the sheriff or disinterested person was unable to execute such service, that the person seeking service has been unable, after exercising due diligence, to locate the person to be served.

# COMMONWEALTH OF VIRGINIA



ROANOKE CITY CIRCUIT COURT
Civil Division
315 CHURCH AVENUE, SW
ROANOKE VA 24016
(540) 853-6702

Summons

Proper attire required in Court Rooms
NO shorts
NO halters/tank tops
NO flip-flop shoes
NO t-shirts
NO hats
NO food, drinks or gum
NO cell phones in Courthouse

To: LEONARDS EXPRESS INC
OFFICE OF THE SECRETARY OF THE
COMMONWEALTH
C/O MS KARI ELLIS
1111 E BROAD STREET 4TH FLOOR
RICHMOND VA 23218-2452

Case No. 770CL21002736-00

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment, or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia on, Thursday, December 16, 2021

Clerk of Court: BRENDA S. HAMILTON

by _____
(CLERK/DEPUTY CLERK)

Instructions:   SEE ATTACHED COMPLAINT

Hearing Official:

Attorney's name:   MOTTLEY, KEVIN W
804-930-1022

# COMMONWEALTH OF VIRGINIA



ROANOKE CITY CIRCUIT COURT
Civil Division
315 CHURCH AVENUE, SW
ROANOKE VA 24016
(540) 853-6702

Summons

Proper attire required in Court Rooms
NO shorts
NO halters/tank tops
NO flip-flop shoes
NO t-shirts
NO hats
NO food, drinks or gum
NO cell phones in Courthouse

To: LEONARDS EXPRESS INC
OFFICE OF THE SECRETARY OF THE
COMMONWEALTH
C/O MS KARI ELLIS
1111 E BROAD STREET 4TH FLOOR
RICHMOND VA 23218-2452

Case No. 770CL21002736-00

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment, or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia on, Thursday, December 16, 2021

Clerk of Court: BRENDA S. HAMILTON

by _____
(CLERK/DEPUTY CLERK)

Instructions:   SEE ATTACHED COMPLAINT

Hearing Official:

Attorney's name:   MOTTLEY, KEVIN W
804-930-1022

VIRGINIA:

IN THE CIRCUIT COURT OF THE CITY OF ROANOKE

| | |
|---|---|
| YVETTE NORMAN,<br><br>      Plaintiff,<br><br>v.<br><br>LEONARD'S EXPRESS, INC.,<br>      <u>Serve</u>:<br>      Office of the Secretary<br>      of the Commonwealth<br>      c/o Ms. Kari Ellis<br>      1111 E. Broad Street, 4th Floor<br>      Richmond, Virginia 23218-2452<br><br>and<br><br>JULIAN J. KACZOR,<br>      <u>Serve</u>:<br>      Commissioner, Virginia Department<br>      of Motor Vehicles<br>      Customer Records Work Center<br>      2300 W. Broad Street<br>      Richmond, Virginia 23269<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. CL21-2736<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **COMPLAINT**

Plaintiff, Yvette Norman, by counsel, files this Complaint and moves for judgment against Defendants Leonard's Express, Inc. and Julian Kaczor (collectively, "Defendants"), jointly and severally, on the grounds and in the amount set forth below:

### Introduction & Nature of the Case

1. This case presents a cause of action for personal injuries arising from an auto collision that occurred on December 28, 2019, in which Plaintiff Yvette Norman ("Plaintiff" or "Norman") was injured.

2. The collision occurred when a truck owned by Defendant Leonard's Express, Inc. ("Leonard's") being driven by Defendant Julian J. Kaczor ("Kaczor") collided with a car in which Plaintiff Norman was a passenger.

3. At the time of the collision alleged in this Complaint, Kaczor was an employee and servant of Leonard's, his master, and he was acting within the scope of his employment with Leonard's.

4. It follows that Leonard's is vicariously liable to Norman for Kaczor's tortious conduct and the resulting damages under the doctrine of *respondeat superior*. Plaintiff reserves the right to amend this Complaint to assert other, direct theories of liability against Leonard's as may be revealed during the discovery process in this matter.

## Parties

5. Plaintiff is a resident of Charlotte, North Carolina.

6. Leonard's is a New York corporation, and has its principal office in Farmington, New York.

7. Leonard's is in the transportation business.

8. At the time of the collision complained of herein, Kaczor was a resident of Utica, New York, and a citizen of the State of New York.

## Facts

9. On December 28, 2019, Plaintiff was a passenger in a 2005 BMW being driven by her son, Nehemiah Miller Norman, and was traveling Southbound on Interstate 81.

10. At the same time, Kaczor was operating a 2014 model T660 Kenworth truck, and was also traveling southbound on Interstate 81 in the same vicinity as Plaintiff's car.

11. Leonard's owned the truck being driven by Kaczor (the "Truck").

12. Kaczor was operating the Truck for Leonard's with its permission and was operating the Truck within the scope of his employment with Leonard's.

13. At the foregoing time and place, the car in which Plaintiff was a passenger lawfully occupied one lane of travel on Interstate 81, while the Truck being operated by Kaczor occupied an adjacent lane of travel to that of Plaintiff's car.

14. At that time and place, Kaczor attempted to move the Truck into the lane occupied by Plaintiff's car when there existed insufficient space between the vehicles for Kaczor to safely change lanes, resulting in a collision between the Truck and the rear side of Plaintiff's car. The collision caused Plaintiff's car to lose control, veer off the interstate, and flip over.

15. As a direct and proximate result of the collision, Plaintiff sustained serious and permanent injuries, has suffered, and will continue to suffer great pain of body and mind, has sustained permanent disability, has lost past and future wages, and earning capacity, and has incurred and will incur in the future hospital, doctors', and related bills to be cured of said injuries.

## Count I: Negligence

16. The allegations contained in paragraphs 1 through 15 of this Complaint are incorporated into this Count as if fully stated in this Count.

17. At the time and place of the collision alleged in this Complaint, Kaczor had a duty to use reasonable care, including in each of the following respects:

    a. To keep a proper lookout;

    b. To keep the Truck under proper control and to operate it at a reasonable speed under then existing conditions;

3

  c. To use reasonable care to see that the Truck could be moved from one lane of travel to another safely, and without endangering other motorists, such as Plaintiff;

  d. To operate the Truck as nearly as practical within a single lane of traffic;

  e. To comply with all applicable state and federal statutes, rules, and regulations, to the extent they applied to the operation of the Truck on the highways of the Commonwealth of Virginia; and

  f. To otherwise use reasonable and ordinary care under the circumstances then and there existing, so as not to endanger others, such as Plaintiff.

18. Kaczor breached one or more of the foregoing duties and was negligent.

19. Kaczor negligently drove the Truck in such a manner that it improperly moved into the lane occupied by Plaintiff's car, resulting in the Truck colliding with the rear side of Plaintiff's car.

20. Kaczor and Leonard's are jointly and severally liable to Plaintiff in negligence for her injuries and all damages proximately caused Plaintiff by the collision.

WHEREFORE, Plaintiff Yvette Norman demands judgment against Defendants Leonard's Express Inc. and Julian J. Kaczor, jointly and severally, in the sum of FIFTEEN MILLION AND 00/100 DOLLARS ($15,000,000.00), and her costs expended in this action together with pre-judgment and post-judgment interest.

**Plaintiff hereby demands trial of this matter by jury.**

Respectfully submitted,

YVETTE NORMAN,

By _____
Counsel

Kevin W. Mottley (VSB No. 40179)
Benjamin P. Kyber (VSB No. 85604)
THE MOTTLEY LAW FIRM PLC
8001 Franklin Farms Drive, Suite 125
Richmond, Virginia 23229
(804) 930-1022 (telephone)
(804) 767-2592 (fax)
kevinmottley@mottleylawfirm.com (email)
benkyber@mottleylawfirm.com (email)
*Co-Counsel for Plaintiff Yvette Norman*

Jonathan Wren (VSB No. 40304)
Robert Byrne (VSB No. 48148)
MARTINWREN, P.C
400 Locust Avenue, Suite 1
Charlottesville, Virginia 22902
(434) 871-3100 (telephone)
(434) 817-3110 (fax)
wren@martinwrenlaw.com (email)
byrne@martinwrenlaw.com (email)
*Co-Counsel for Plaintiff Yvette Norman*